UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEPHANIE HUFF, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-0414-B |
| | § | |
| | § | |
| DRE MANAGEMENT, INC. | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is an employment discrimination case arising out of Plaintiff Stephanie Huff's ("Huff")

employment with Defendant DRE Management, Inc ("DRE"). Before the Court is DRE's Partial

Motion to Dismiss (doc. 7), seeking dismissal of Plaintiff's disability discrimination and disability

retaliation claims and her § 1983 claim. For the reasons set forth below, the Court finds that DRE's

Partial Motion to Dismiss on the disability discrimination and § 1983 claims should be **GRANTED**.

The Court **DENIES** the Partial Motion to Dismiss as to the retaliation claim under the ADA.

### I.

### BACKGROUND[1]

In 2008, after DRE took over the management of Ridgmar Square Apartments, Huff was

---

[1]The Court draws its factual account from the allegations contained in Plaintiff's Complaint
("Pl.'s Compl."). *See, e.g., Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir.
2002) (noting that when considering a motion to dismiss pursuant to Rule 12(b)(6), "all facts pleaded in
the complaint must be taken as true").

1

hired as an Assistant Manager. Debi Proctor ("Proctor") was also hired as the Manager and Plaintiff's supervisor. Huff alleges that, in March 2010, Proctor began treating her differently when she told Proctor that she was pregnant. *Id.* ¶ 7. During Huff's pregnancy, the EEOC investigated another employee's termination where Huff testified on behalf of that employee. Huff alleges that following her statement on behalf of her coworker, Proctor began treating Huff even more poorly, yelling and cursing at her and fabricating reasons to discipline her. *Id.* ¶ 8. In April 2010, Huff reported Proctor's behavior to her District Manager, Charles Goolsby ("Goolsby"), in an email in which she expressed concerns about the work environment, verbal abuses, false accusations, her resulting high blood pressure, and Proctor's poor treatment of her compared to other employees since becoming pregnant. Goolsby replied that Huff should sit down with Proctor to discuss the issues. *Id.* ¶ 9. Huff further alleges that she reported an incident to Goolsby where Proctor became hostile and threatened, "what goes around, comes around . . . I'm over pregnant women who are just lazy," and wrote her up for disciplinary action. *Id.* ¶ 11. Juan Pacheco witnessed the incident. DRE discarded evidence of the disciplinary action when Huff filed a complaint concerning the incident with the Texas Workforce Commission. *Id.* ¶ 12.

In October 2010, Plaintiff inquired about the procedures necessary for FMLA leave. She was instructed by Goolsby to contact Terri Bures ("Bures") in the Human Resource Department, who informed her that no paperwork was necessary. Huff, thereafter, informed Proctor and Goolsby that she planned to take the full 12-week maternity leave. *Id.* ¶ 13. On November 2, 2010, Huff was placed on bed rest by her doctor due to increased blood pressure. *Id.* ¶ 14. She alleges she notified Proctor and Bures that she was forced to go on maternity leave early. *Id.* On three occasions, Huff went into work during her maternity leave. Each time, she alleges that she had a conversation with

2

Proctor about her return date on January 17, 2011. *Id.* ¶ 16.

On January 12, 2011, five days before Huff was scheduled to return to work, DRE hired another individual for Plaintiff's position. *Id.* ¶ 18. On January 14, 2011, Huff sent Proctor a text message reminding her about the January 17 return date, but Proctor allegedly called and told Huff the position was filled, laughed, and offered a housekeeping position for less money. Huff called and emailed Goolsby, who offered her a position located further away. *Id.* ¶ 19.

On June 8, 2011, Huff met with an EEOC investigator and thereafter filed a complaint with the EEOC, checking the "sex" and "retaliation" boxes on the EEOC charge. The charge alleged that Proctor retaliated against her and other employees for speaking with EEOC investigators. Huff also alleged that her position was filled prior to her return from "maternity leave," and that she had been discriminated "against on the basis of . . . sex, female (pregnancy)." Def.'s Mot. to Dismiss Ex. A.. On February 2, 2012, Huff received a right-to-sue letter from the EEOC.

On February 9, 2012, Huff filed her Complaint in this Court against DRE  pursuant to the Americans With Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, 42 U.S.C. § 1983, the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(1), and Texas Labor Code § 21.055 alleging discrimination based on disability, gender, and retaliation. Pl.'s Compl. ¶¶ 22-57. Defendant now moves in its Partial Motion to Dismiss that Huff's disability and disability retaliation claims are barred because she failed to exhaust all administrative remedies. Def.'s Mot. to Dismiss 1-2. Defendant also argues that Huff's § 1983 claim is barred because DRE is a private entity and did not act under color of state law. Def.'s Mot. to Dismiss 1-2.

Plaintiff counters that the disability claim was within the scope of the EEOC charge and investigation, but she does not object to the dismissal of the § 1983 claim. Pl.'s Opp'n to Def.'s Mot.

to Dismiss 4-10. Defendant filed a reply in support of the Partial Motion to Dismiss on May 30, 2012. The briefing being complete, the Court turns to the merits of Defendant's Motion.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint is subject to dismissal if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the Court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). A Rule12(b)(6) motion "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *TelPhonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992) (quoting *Ward v. Hudnell*, 366 F.2d 247, 249 (5th Cir. 1966)). The Court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"[A] plaintiff's obligations, and a formulaic recitation of the elements of a cause of action will not" be sufficient to survive a Rule 12(b)(6) motion. *Twombly*, 550 U.S. at 555. The plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. The "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations are true (even if doubtful in fact)." *Id.* at 555. The Court will not, however, weigh the evidence or resolve competing factual assertions. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Instead, the issue is "whether the claimant is entitled to offer evidence to support the claims," not whether the plaintiff will prevail. *White v. Averitt Express, Inc.*, No. 3:10-CV-2504-B,

4

2011 WL 3652502, at *2 (N.D. Tex. Aug. 19, 2011) (quoting *Airport, LLC v. Isata, LLC*, 438 F.

Supp. 2d 55, 60 (E.D.N.Y. 2006)).

## III.

## ANALYSIS

While it is undisputed that Huff filed an EEOC charge and received a right-to-sue letter,

DRE argues that Huff failed to exhaust her administrative remedies on her disability claims, because

she neither checked the "disability" box on the EEOC charge nor mentioned the word "disability"

in her narrative. Def.'s Mot. to Dismiss 6.  Consequently, DRE argues that Huff's disability claims

should be barred.[2]  Although Plaintiff does not clearly differentiate between her disability

discrimination claim from her disability retaliation claim, she argues that even though the "disability"

box was not checked, her disability claims are within the scope of the EEOC charge, the EEOC

investigator was informed about the disability discrimination claims, and DRE had actual knowledge

of the contents of the lawsuit during the EEOC investigation. Pl.'s Opp'n to Def.'s Mot. to Dismiss

4-9. The Plaintiff, however, has no objections to the dismissal of the § 1983 claim. Pl.'s Opp'n to

Def.'s Mot. to Dismiss 10.

A.    *Disability Discrimination and Retaliation Claims*

Huff alleges that DRE discriminated and retaliated against her based on her "pregnancy

related medical issues (Plaintiff's disability)." Pl.'s Opp'n to Def.'s Mot. to Dismiss 9. Huff is not

entirely clear as to what disability she is basing the claim on; however, it is inferred that by her

statement "early FMLA leave due to pregnancy related medical issues (Plaintiff's disability)" she is

---

[2] As mentioned, Plaintiff does not contest DRE's argument that since DRE is a private entity and did not act under color of state law, Plaintiff's § 1983 claim should also be dismissed. Def.'s Mot. to Dismiss 7-8.

referring to her high blood pressure.[3] *Id.* An employee of a private entity, alleging employment discrimination under the ADA, must first exhaust her administrative remedies before pursuing a lawsuit. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (Title VII); *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981); *Hughes v. Wal-Mart Stores, Inc.*, 3:07-CV-1387, 2009 WL 2778061, at *4 (N.D. Tex. Aug. 31, 2009) (ADA).Courts interpret the scope of an EEOC complaint broadly, looking at the "administrative EEOC investigation that 'can reasonably be expected to grow out of the charge of discrimination.'" *McClain*, 519 F.3d at 273 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). In making a determination on exhaustion, courts use a fact-intensive analysis that looks "beyond the four corners of the document to its substance." *McClain*, 519 F.3d at 273; *see also Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006). On the one hand, there is no requirement that a complainant check a particular box or have a specific incantation, nonetheless, the complaint must contain the kind of discrimination "like or related to" the allegations in the EEOC charge. *Sanchez*, 431 F.2d at 466. Claims in later-filed lawsuits cannot "exceed the scope of EEOC exhaustion." *McClain*, 519 F.3d at 273 (citing *Pacheco*, 448 F.3d at 789). Courts have looked to whether the EEOC charge contains factual allegations to support an un-checked claim.  For example, in *McCray v. DPC Indus., Inc.*, the court barred the plaintiff's retaliation claim because he failed to check the "retaliation" box and the text of the charge lacked factual allegations to support a retaliation claim. 942 F. Supp. 288, 294 (E.D. Tex. 1996); *See also Pacheco*, 448 F.3d at 789; *see also Wojciechowski v. Nat'l Oilwell Varco, L.P.*, No. C-10-43, 2010 U.S. Dist. LEXIS 47663, at *8 (S.D. Tex. May 13,

---

[3]Further, Huff's pregnancy, on its own, cannot act as her disability under the ADA. 29 C.F.R. pt. 1630, App. at 396 (1994)

6

2010) (precluding the plaintiff from filing suit based on retaliation, because she did not check the "retaliation" box and failed to mention that she was laid off); *Barrientos v. City of Eagle Pass, Tex.*, No. CIV.A. SA-10-CV-57-XR, 2010 WL 1544419, at *3 (W.D. Tex. Apr. 16, 2010) (granting partial motion to dismiss because the plaintiff, on her EEOC charge, failed to mention any information that could serve as a basis for a retaliation claim); *Otokunrin v. MBNA Tech., Inc.*, No. CIV.A. 3:03-CV-1509-G, 2004 WL 833599, at *4-5 (N.D. Tex. Apr. 16, 2004) (dismissing the plaintiff's claims because the language in the charge was devoid of any indication of the claims in her suit).

   i. <u>Disability Discrimination Claim</u>

 Plaintiff states in her Reply to Motion to Dismiss that her impairment was the "pregnancy related medical issue," or, alternatively, her doctor-mandated bed rest due to high blood pressure. Pl.'s Opp. To Def.'s Mot. Dismiss 9. Further, under the ADA, pregnancy, absent an unusual circumstance, is not a physical impairment. 29 C.F.R. pt. 1630, App. at 396 (1994) (noting that pregnancy-related impairments that substantially limit a major life activity may fall under the ADA, but pregnancy, itself, does not); *Ross v. GTE Wireless of Houston, Inc.*, No. H-98-4046, 2000 WL 1279618, at *9 (S.D. Tex. Jan. 14, 2000) (citing *Villarreal v. J.E. Merit Constructors, Inc.*, 895 F. Supp. 149, 152-53 (S.D. Tex. 1995)) (holding that pregnancy is not a disability under the ADA). Setting aside whether this constitutes a disability, the question here is whether it is reasonable that a disability discrimination investigation would arise out of Plaintiff's EEOC charge or whether the disability claim is like or related to the allegations contained in the EEOC charge.

 The Court finds that the claims contained in Huff's EEOC charge - "sex" "retaliation" and "pregnancy" discrimination - are not like or related to a claim of disability discrimination, and an

EEOC investigation of disability discrimination could not reasonably have been expected to grow out of such a charge. Huff's EEOC charge, unlike the charge in *Clark v. Kraft Foods, Inc.* 18 F.3d 1278, 1280 (5th Cir. 1994), does not contain statements that are sufficient predicates upon which one reasonably would expect EEOC to investigate a disability discrimination claim. In *Clark*, the plaintiff's charge had statements that supported and raised inferences on her gender-based claims, such as, "I was harassed because of my sex." In Huff's EEOC charge, she failed to check the disability box, specify any impairments, mention the increased blood pressure, allege that she was discharged because of any impairments, mention the word "disability" or even "blood pressure," explain any disability discrimination-based conduct. She also failed to include any information or factual allegations to allow for an inference of physical impairment or disability discrimination. Accordingly, Huff's failure to exhaust her  administrative remedies bars her disability claims in this lawsuit.

Huff also argues that the Court should consult other related documents under the framework set forth in *Hayes v. MBNA Tech., Inc.*, No. CIV.A.3:03-CV1766-D, 2004 WL 1283965, at *6 (N.D. Tex. June 9, 2004). In *Hayes*, this Court held that courts should look to the four corners of the EEOC charge, as well as any related documents, such as plaintiff's affidavit, response to EEOC questionnaire, and attachments to the response, when (1) the facts set out in the document are a reasonable consequence of a claim set forth in the EEOC charge, and (2) the employer had actual knowledge of the contents of the document during the course of the EEOC investigation. *Hayes*, 2004 WL 1283965, at *6. Even if the Court accepts this test, DRE was not effectively notified of its exposure to any disability claims, since the Notice of Charge of Discrimination did not have "The American with Disabilities Act (ADA)" box checked, and only the "sex" and "retaliation" boxes

were marked. Def.'s Further, there is no indication that DRE was aware of the content of Plaintiff's

affidavit until after litigation began.[4]

Accordingly, the Court finds that the content in the EEOC charge is not like or related to

a disability discrimination claim, and an EEOC investigation of a disability claim could not

reasonably have been expected to grow out of such an EEOC charge. As a result, Huff did not

exhaust her administrative remedies on the disability claims before filing suit. *See McClain*, 519 F.3d

at 273; *Gupta*, 654 F.2d at 414. Therefore, the Court **GRANTS** the Defendant's Partial Motion to

Dismiss as to Huff's disability discrimination claim.

ii.   Disability Retaliation Claim

Huff further contends a retaliation claim under the ADA. Pl.'s Compl. ¶ 26. DRE, once

again, argues that Huff failed to exhaust her administrative remedies as to the retaliation claim.

Def.'s Mot. to Dimiss 2. Although in her Complaint and Response Huff failed to fully differentiate

the retaliation and disability discrimination claims, her retaliation claim is separate and distinct from

her disability discrimination claim, even though they are both brought under the ADA. *See Williams*

*v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994) (holding that the plaintiff failed

to exhaust her administrative remedies for her race discrimination claim but not her retaliation

---

[4] Furthermore, although courts do not require for purposes of exhaustion that the plaintiff allege a *prima facie* case before the EEOC, a review of the *prima facie* case for a disability discrimination claim is relevant. *See Pacheco*, 448 F.3d at 789; *Sanchez*, 431 F.2d at 463-65. To establish a *prima facie* case for disability discrimination, a plaintiff must establish that: (1) she has a disability; (2) she is a qualified individual; and (3) she suffered an adverse employment action as a result of the disability or perceived disability. *Dupre v. Charter Behavioral Health Systems of Lafayette, Inc.*, 242 F.3d 610, 613 (5th Cir. 2001); *Zenor v. El Paso Healthcare System, Ltd.*, 176 F.3d 847, 852–53 (5th Cir.1999); *Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir.1998); *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1092 (5th Cir.1996); *Quick v. VistaCare, Inc.*, No. 3:10-CV-1531-G, 2012 WL 1081469, at *4-5 (N.D. Tex. Mar. 29, 2012). On its face, in her EEOC charge, Huff does not allege any elements for a disability claim. In addition, the charge does not allow any inferences to be drawn that portrays a disability claim.

claim); *Anderson v. Hamilton County Bd. of Com'rs*, No. 1:05CV344, 2006 WL 2709767 (S.D. Ohio Sept. 20, 2006) (noting that because the plaintiff had checked the retaliation box along with a supportive narrative, her retaliation claim was within the scope of the EEOC investigation, but the disability discrimination claim was not). For a retaliation claim under the ADA, the plaintiff does not have to demonstrate a disability, but she must first exhaust her administrative remedies before filing. *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999); *Gupta v. East Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981); *Wesley v. Dallas Indep. Sch. Dist.*, 3-08-CV-2025-K, 2009 WL 193786 (N.D. Tex. Jan. 27, 2009). Courts, however, recognize that subsequent judicial actions should not be barred because of a lay person's failure to attach the correct legal conclusion to the charge or to include the exact wording required for a judicial proceeding. *Sanchez*, 431 F.2d at 466. On Huff's EEOC charge, Huff did in fact check the "retaliation" box as well as give a detailed narrative alleging retaliatory actions.[5] Def.'s Mot. to Dismiss Ex. A. In Huff's complaint, her retaliation claim is based on her "opposition to Defendant's discriminatory practices." Pl.'s Compl. ¶ 26. This alleged claim is "like or related to" the retaliatory allegations set in her EEOC charge. Also, the Notice of Charge of Discrimination provided to DRE had the "retaliation" box marked, so DRE was put on notice of such a claim. *Id.* Ex. B. An EEOC investigation of a retaliation claim could reasonably have been expected to grow out of such an EEOC charge, thus Huff did exhaust her administrative remedies as to her retaliation claim. Therefore, the Court **DENIES** Defendant's Partial Motion to Dismiss as to Plaintiff's retaliation claim under the ADA.

---

[5]The EEOC charge contains the following: "I spoke to an investigator and provided information in connection with a charge of discrimination that had been filed by a former employee . . . regarding the racially offensive conduct of my supervisor . . . after I advised Proctor that I had spoken with the investigator, she began to harass me creating a hostile work environment . . . and I was terminated."

10

B.      *Section 1983 Claim*

Finally, "[t]o state a claim under § 1983, a plaintiff must . . . (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994); *Piotrowski v. City of Houston*, 51 F.3d 512, 515 (5th Cir. 1995). DRE is a private entity and Huff has also already agreed to the dismissal of her § 1983 claim. Pl.'s Opp'n to Def.'s Mot. to Dismiss 10. Therefore, the Court **GRANTS** the Defendant's Partial Motion to Dismiss as to Huff's § 1983 claim.

## IV.

## CONCLUSION

For the aforementioned reasons the Court **GRANTS** Defendant's Partial Motion to Dismiss as to Huff's disability claims. The Court also **GRANTS** Defendant's Partial Motion to Dismiss as to Huff's § 1983 claim. Plaintiff's claims for gender discrimination, equal protection on the basis of sex, unlawful interference with FMLA leave, and retaliation under Texas Labor Code remain to be decided and are not affected by this Order.

SO ORDERED.

SIGNED: July 30, 2012

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

11